UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAM BOSTIC,

    Plaintiff,

                                                       CASE NO.:

v.

EDUCATION ADVANTAGE!, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAM BOSTIC ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, EDUCATION ADVANTAGE!, LLC ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Wesley Chapel, in Hillsborough County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant operates in Wesley Chapel, in Hillsborough County, Florida.

## **GENERAL ALLEGATIONS**

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

12. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

13. Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

14. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

15. Plaintiff has satisfied all conditions precedent, or they have been waived.

16. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

17. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

18. Plaintiff began working for Defendant as a Weekend Supervisor on or around September 30, 2023, working her way up to Education Coordinator, and worked in this capacity until on or around February 25, 2025.

19. At all times material hereto, Plaintiff worked hours at the direction of Defendant.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be

compensated for all of her overtime hours at a rate equal to one and one-half times she regular hourly rate.

21. Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

22. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff an hourly salary of eighteen dollars and twenty-five cents ($18.25), yet only compensated her at a rate of fifteen dollars ($15.00) per hour until March 2024.

23. In or around March 2024, Plaintiff was promoted to Education Coordinator and Defendant began to compensate Plaintiff at an annual rate of thirty-seven thousand dollars ($37,000) until late June 2024, when Defendant began to compensate Plaintiff at an annual rate of forty-eight thousand dollars ($48,000).

24. However, in or around October 2024, Defendant then transitioned Plaintiff to working overnight shifts, at a rate of eighteen dollars ($18.00) per hour.

25. During this time, Plaintiff was routinely working overtime hours, as she worked a minimum of at least forty (48) hours per week.

26. However, every other weekend, from around March 2024 onward, Plaintiff worked an additional sixty-four (64) hours.

27. Accordingly, in or around October 2024, Plaintiff worked an alternating schedule of one week of forty-eight (48) hours, followed by one week of one-hundred and twelve (112) hours.

28. In early November 2024, Plaintiff began filling in for the site coordinator and started working around seventy-two (72) hours per week.

29. Additionally, Plaintiff was still working every other weekend for an additional sixty-four (64) hours, for a total of one-hundred and thirty-six (136) hours every other week.

30. Plaintiff worked this alternating schedule of one week of seventy-two (72) hours, followed by one week of one-hundred and thirty-six (136) hours for roughly two (2) months.

31. At no time during Plaintiff's employment did Defendant properly compensate Plaintiff at an overtime rate for all hours that she worked in excess of forty (40) hours per week.

32. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA OVERTIME VIOLATION**

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW**

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5 and 15 through 32 of this Complaint, as though fully set forth herein.

38. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for her services.

39. Defendant failed to pay Plaintiff all "wages" owed to her, including the hours that Plaintiff worked over forty hours per week.

40. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d)     All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)     For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of March, 2026.

    Respectfully submitted,

    */s/ Brandon J. Hill*
    **BRANDON J. HILL**
    Florida Bar No: 37061
    **HANNAH E. DeBELLA**
    Florida Bar No: 1026002
    **Wenzel Fenton Cabassa P.A.**
    1110 N. Florida Avenue, Suite 300
    Tampa, Florida 33602
    Main No.: 813-224-0431
    Direct No.: 813-337-7992
    Facsimile No.: 813-229-8712
    Email: bhill@wfclaw.com
    Email: hdebella@wfclaw.com
    Email: aketelsen@wfclaw.com
    Attorneys for Plaintiff